# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **MONICA ANDREWS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:22CV00028 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **LOUIS DeJOY, POSTMASTER** | ) | JUDGE JAMES P. JONES |
| **GENERAL, U.S. POSTAL SERVICE,** | ) | |
| | ) | |
| Defendant. | ) | |

*A. Marques Pitre* and *Santo A. Scrimenti*, PITRE & ASSOCIATES, LLC, Washington, D.C., for Plaintiff; *Nicole A. Gross* and *Leah W. McClanahan*, Special Assistant United States Attorneys, Knoxville, Tennessee, for Defendant.

The issue in this employment discrimination case is whether the plaintiff employee filed the lawsuit in this court within 90 days of receiving a final administrative decision, as required by law.

I.

The plaintiff, Monica Andrews, an employee of the United States Postal Service, filed her Complaint on September 9, 2022, alleging that she had been discriminated against in her employment and subjected to a hostile work environment based on her race, sex, and in reprisal for submitting a discrimination complaint to the Postal Service. The defendant, the Postmaster General, has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the

lawsuit was untimely in that it had not been filed within 90 days of the plaintiff's receipt of one of two final agency decisions by the Postal Service that considered and rejected claims made in the present lawsuit. Following briefing, I gave notice to the parties that considering the presentation of matters outside the pleadings that had not been excluded by the court, I would treat the Motion to Dismiss as one for summary judgment under Rule 56, as permitted by Rule 12(d). The parties were granted leave to file any further relevant materials and that time has now expired, leaving the motion ripe for decision.[1]

The relevant facts appearing from the record are as follows. After pre-complaint counseling by a Postal Service Equal Employment Opportunity (EEO) specialist in February of 2020, Ms. Andrews filed a formal administrative complaint (the first complaint) with the Postal Service on April 3, 2020, alleging discrimination based on her race. In support of her first complaint, she alleged 11 discriminatory actions towards her by a supervisor beginning February 3, 2020, and through April 8, 2020. Def.'s Mem. Supp. Mot. Dismiss Ex. A, Final Agency Decision 1–2, ECF No. 14-1.[2] On June 7, 2022, an EEO Service Analyst issued a Final Agency Decision

---

[1] I have previously held that a plaintiff has the burden of showing the timeliness of the complaint when the defendant contests it. *Darden v. Cardinal Travel Ctr.,* 493 F. Supp. 2d 773, 776 (W.D. Va. 2007).

[2] The April 8 allegation was apparently asserted in the plaintiff's affidavit filed with the Postal Service after her formal complaint. Final Agency Decision 12, ECF No. 14-1. In her affidavit she also claimed for the first time that three of the 11 incidents were motivated by retaliation because of her informal complaint that led to pre-complaint

(First FAD), finding no discrimination. *Id.* at 19. Ms. Andrews was advised of her right to file an action in the appropriate United States district court "within 90 calendar days of receipt" of the First FAD. *Id.* at 20.

The First FAD was mailed to Ms. Andrews' post office box number in East Stone Gap, Virginia, and to her attorney at a street address and suite number in Washington, D.C., along with Postal Service tracking numbers for both mailings.[3] The tracking results show that the mail to Ms. Andrews was delivered to a "parcel locker" at East Stone Gap at 8:11 a.m. on Friday, June 10, 2022.[4] *Id.* Ex. B at 1, ECF No. 14-2. According to Ms. Andrews' declaration, which is not disputed, she retrieved it from her post office box the next day, June 11. The tracking results show that the mail to her attorney was "delivered in or at the mailbox at 2:45 pm on June 10, 2022 in Washington, DC." *Id.* at 2. A declaration by the attorney states that mail to the attorney's office, located in an eight-story office building with over 2,000

---

counseling, but that claim was not considered by the Postal Service because it found that her supervisor was not advised by the EEO specialist of her complaint until after those three alleged incidents.

[3]  The record does not show the date when the FADs were mailed, although it is likely it was the same day as issuance.

[4]  "A Parcel Locker is a unit that is installed either within a CBU [Cluster Box Unit] or alongside neighborhood delivery and collection box units or in conjunction with PO Boxes in a retail facility. They are used for parcel and package deliveries." U.S. Postal Service, What is a Cluster Box? What is a Parcel Locker," https://faq.usps.com/s/article/What-is-a-Cluster-Box (last visited May 23, 2023).

suites, is first delivered to a central sorting area, sorted, and then delivered to the corresponding suite, which may take from one to five days.

The plaintiff made her second formal complaint to the Postal Service on October 20, 2020, in which she asserted that she had been discriminated against because of her race, sex, age, and because of retaliation. In the second complaint, Ms. Andrews cited four incidents of discrimination, dated from May 21, 2020, to June 22, 2020. The second complaint was handled by the same EEO Service Analyst, who issued a Second FAD on June 8, 2022, rejecting her claims. The Second FAD was mailed to Ms. Andrews and her attorney at the same addresses as used with the First FAD, and the tracking information showed the same type of deliveries as the First FAD, except that the dates of delivery were both on Saturday, June 11, 2022, the day after the delivery dates of the First FAD.

Ninety days from June 10, 2022, would make the September 9th filing of the Complaint in this court on the 91st day; from June 11, the filing would be on the 90th day.

II.

The applicable statute provides as follows:

> Within 90 days of receipt of notice of final action taken by a department, agency, or unit . . . upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin . . . an employee . . . if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action.

42 U.S.C. § 2000e-16(c).[5] The 90-day requirement functions as a statute of limitations and, while not jurisdictional, is to be strictly applied, absent equitable considerations. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (Title VII action dismissed where filed 91 days after receipt of notice of right to sue).[6] Constructive receipt may be sufficient to start the running of the 90-day period. *Watts-Means v. Prince George's Fam. Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) (finding receipt occurred when post office put notice of letter from Equal Employment Opportunity Commission in plaintiff's post office box); *Harvey,* 813 F.2d at 654 (holding that receipt occurred when notice of right to sue letter was delivered to plaintiff's spouse, who put notice aside and did not tell plaintiff until he returned to home five days later).

Following these precedents, I find that the plaintiff received the First FAD when it was delivered to a parcel locker for her on June 10, 2022. Thus, while it is

---

[5] Title VII of the Civil Rights Act of 1964 was amended in 1972 to bring federal employees, including employees of the Postal Service, within its scope. *Loeffler v. Frank*, 486 U.S. 549, 558–59 (1988). Claims of disability discrimination by postal employees are properly brought under the Rehabilitation Act, 29 U.S.C. § 794. *Catone v. Potter*, No. 5:08CV132, 2010 WL 1141352, at *2 (W.D.N.C. Mar. 22, 2010).

[6] The plaintiff does not contend that equitable tolling applies here and after "a thorough examination of the facts," *Harvey*, 813 F.2d at 654, I agree that the record does not support any such argument. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (holding that equitable tolling should be applied only in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result"). Ms. Andrews personally received the First FAD within four days of its issuance and thus still had 86 days to file.

clear that Ms. Andrews failed to timely file suit following the First FAD, her suit was timely in relation to the Second FAD.  The defendant seeks a dismissal of the entire Complaint, or alternatively, dismissal of "all allegations in Plaintiff's Complaint that stem from the [First FAD]." Def.'s Reply 4–5, ECF No. 22.  But the plaintiff makes a claim in the Second FAD of hostile work environment, as well as discrete or retaliatory actions by her employer.  Thus, the continuing violation doctrine may allow her to overcome any objection as to time-barred discrete acts, so long as all acts are part of the same unlawful employment practice.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115–17 (2002).  That remains to be seen.

### III.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss, ECF No. 12, is DENIED.

ENTER:  May 23, 2023

/s/  JAMES P. JONES
Senior United States District Judge